UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

GEORGE ZAMBRANA,
   Plaintiff,

vs.

No. 11-1364

DR. ESTAVER, et. al.,
   Defendants.

## MERIT REVIEW ORDER

     The pro se Plaintiff, a state prisoner, filed his lawsuit pursuant to the 28 U.S.C. § 1983 claiming his constitutional rights were violated by thirteen Defendants at Pontiac Correctional Center and Hill Correctional Center. On November 4, 2011, the court conducted a merit review of the Plaintiff's complaint pursuant to 28 U.S.C. §1915A. The court found that the Plaintiff was attempting to combine unrelated claims against unrelated defendants in the same lawsuit. The Seventh Circuit has expressly prohibited this type of complaint which would allow a prisoner to "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007). In addition, the Plaintiff did not provide time frames, nor did he clearly identify which Defendants were responsible for some of his claims. Therefore, the court found that the intital complaint was a violation of Federal Rules of Civil Procedure 18 and 20. *See* November 4, 2011 Merit Review Order.

     Since the Plaintiff was proceeding pro se, the court allowed the Plaintiff additional time to file an amended complaint. The Plaintiff was advised that he could proceed in this lawsuit with his claims involving Hill Correctional Center or Pontiac Correctional Center, but he could not combine both in the same lawsuit. The Plaintiff was given until November 30, 2011 to file his amended complaint. *See* November 4, 2011 Merit Review Order. The deadline has come and gone and the Plaintiff has filed nothing further with the court. Therefore, the court must dismiss this lawsuit.

**IT IS THEREFORE ORDERED:**

    **1) The Plaintiff's case is dismissed in its entirety without prejudice for failure to prosecute with due diligence and failure to follow a court order.** *See* **Fed.R.Civ.P. 41(b).**

    **2) The Plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed. The agency having custody of the Plaintiff is directed to remit the docketing fee of $350.00 from the Plaintiff's prison trust fund account if such funds are available. If the Plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance**

**during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the Plaintiff's trust fund account to the clerk of court each time the Plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**3) The Plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

**4) The clerk is directed to mail a copy of this order to the Plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**5) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 9th day of December, 2011.

s/Michale M. Mihm

---

MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE